IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES R. BARTA, A&A DRUG, INC., and SAV-RX, LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>CANARX SERVICES, INC.,<br><br>          Defendant. | No. CV:<br><br>**COMPLAINT**<br><br>**(Demand for Jury Trial)** |

COME NOW Plaintiffs James R. Barta ("Barta"), A&A Drug, Inc. ("A&A") and Sav-RX, LLC ("Sav-RX") (collectively, "Plaintiffs"), pursuant to Rule 3 of the Federal Rules of Civil Procedure and, for their complaint against CanaRx Services, Inc. ("CanaRx"), hereby state and allege as follows:

### THE PARTIES

1. Plaintiff Barta is an individual residing in Nebraska.

2. Plaintiff A&A is a Nebraska corporation with its principal place of business in Nebraska.

3. Plaintiff Sav-RX is a Nebraska limited liability corporation with its principal place of business in Nebraska.

4. Defendant CanaRx is a Canadian corporation with its principal place of business in Canada.

01-650795.2

## JURISDICTION AND VENUE

5.  This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1338 in that it is a civil action relating to trademarks.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) in that the Defendant is an alien.

## STATEMENT OF FACTS

### Introduction

7.  Plaintiffs use the registered trademark SAV-RX® to designate the origin of pharmaceutical goods and services. Barta holds the incontestable registered trademark for SAV-RX®; A&A and Sav-RX use the mark with approval and license of Barta. Recently, CanaRx has been using the mark I-SaveRx as a designation of origin for certain pharmaceutical goods and services. I-SaveRx is sufficiently similar to SAV-RX® as to create a likelihood of confusion among consumers, particularly given the similarity of enterprises in which Plaintiffs and CanaRx are engage.

## STATEMENT OF FACTS

8.  On July 26, 1994, Barta obtained a certificate of registration for SAV-RX®, Registration No. 1847125, a mark in typed drawing form, on the Principal Register of the United States Patent and Trademark Office, as a designation of origin for "contracted pharmacy services for individuals and organizations."

9.  By operation of and through compliance with 15 U.S.C. § 1065, SAV-RX® has become incontestable.

10. Since 1986, A&A and/or Sav-RX, with the approval and license of Barta, together with Barta in his own right, have used SAV-RX® as a designation of origin for pharmaceutical

goods and services, including prescription drug benefit plans sold to patients consuming prescription drugs in the United States.

11. In or about 2004, CanaRx began using the mark, symbol and/or device "I-SaveRx" in commerce in the United States as a designation of origin for pharmaceutical goods and/or services, including, but not limited to, providing "access to medically necessary prescription drugs." A true and correct copy of a World Wide Web page bearing the mark I-SaveRx and offering visitors the opportunity to "enter[] into [an] agreement with CanaRx" is attached as Exhibit A and incorporated herein by reference.

12. CanaRx participates in a program ("State Program") through which the governments of certain states, including the States of Illinois, Missouri, Kansas and Pennsylvania, refer citizens of those states to CanaRx to arrange for the import of foreign pharmaceuticals. The states participating in the State Program use I-SaveRx to designate its origin.

13. Through use of the mark I-SaveRx, CanaRx solicits consumers to make agreements by which CanaRx will arrange to import pharmaceuticals to fill prescriptions for patients located in the United States.

14. I-SaveRx is sufficiently similar to SAV-RX® as to create a likelihood of confusion as to the connection, affiliation or association between Plaintiffs on one hand and CanaRx and the State Program with which it is connected on the other.

15. By letter dated December 24, 2004, Plaintiffs notified CanaRx that I-SaveRx infringes on SAV-RX® and demanded CanaRx cease and desist from using I-SaveRx. A true and correct copy of Plaintiffs' cease and desist letter is attached as Exhibit B and incorporated herein by reference.

16.     At least since December 24, 2004, CanaRx has known I-SaveRx infringes on SAV-RX® but has willfully continued to use I-SaveRx in commerce.

17.     By its participation in the State Program, CanaRx intentionally induces others to infringe on SAV-RX®, and/or knowingly furthers the infringement upon SAV-RX® by others, in that CanaRx arranges "access" to the imported prescription drugs that make the State Program, identified by the infringing mark I-SaveRx, possible.

18.     As a result of CanaRx's willful infringement of SAV-RX®, each of the Plaintiffs has been damaged.

## FIRST CLAIM FOR RELIEF

### (Barta - Trademark Infringement)

19.     Plaintiffs incorporate Paragraphs 1 through 18 of the Complaint by reference.

20.     Barta is the registrant of SAV-RX® within the meaning of 15 U.S.C. § 1114.

21.     Through its use of the mark I-SaveRx, CanaRx is infringing on SAV-RX® in that CanaRx:

   (a)     uses in commerce a reproduction, counterfeit, copy, or colorable imitation of SAV-RX® in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; and/or

   (b)     reproduces, counterfeits, copies, or colorably imitates SAV-RX® and applies such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

22.     CanaRx's infringement of SAV-RX® is willful.

23.     As a result of CanaRx's infringement, Barta has suffered damages and CanaRx has wrongfully received profits to which it is not entitled.

24. As a result of CanaRx's infringement, Barta has suffered and will continue to suffer irreparable harm for which there exists no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Barta - Contributory Infringement)

25. Plaintiffs incorporate Paragraphs 1 through 24 of this Complaint by reference.

26. Through its participation in the State Program, CanaRx is contributorily infringing on SAV-RX® in that CanaRx intentionally induces others to infringe on SAV-RX® and/or knowingly furthers the infringement upon SAV-RX® by others in that CanaRx arranges "access" to the imported prescription drugs that make the State Program, identified by the infringing mark I-SaveRx, possible.

27. CanaRx's contributory infringement of SAV-RX® is willful.

28. As a result of CanaRx's contributory infringement, Barta has suffered damages and CanaRx has wrongfully received profits to which it is not entitled.

29. As a result of CanaRx's contributory infringement, Barta has suffered and will continue to suffer irreparable harm for which there exists no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Barta, Sav-RX and A&A - Violation of 15 U.S.C. § 1125(a))

30. Plaintiffs incorporate Paragraphs 1 through 29 of this Complaint by reference.

31. As users and/or licensees, Plaintiffs are "person[s] who believe [they] may be injured by [the] act[s]" of CanaRx set forth in this Complaint, as that phrase is used in 15 U.S.C. § 1125(a).

32. CanaRx is using the word, term, name, symbol, or device I-SaveRx in commerce.

33.     CanaRx's use of the word, term, name, symbol, or device I-SaveRx is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with Plaintiffs, or as to the origin, sponsorship, or approval of CanaRx's goods, services, or commercial activities by Plaintiffs.

34.     CanaRx's actions in violation of 15 U.S.C. § 1125 are willful.

35.     As a result of CanaRx's acts, Plaintiffs have suffered damages and CanaRx has wrongfully received profits to which it is not entitled.

36.     As a result of CanaRx's actions, Plaintiffs have suffered and will continue to suffer irreparable harm for which there exists no adequate remedy at law.

## REQUEST FOR RELIEF

Plaintiffs demand the following relief:

A.      That CanaRx, its distributors and agents and all persons in active concert with it be temporarily and permanently enjoined from using the term I-SaveRx or anything confusingly similar thereto on or in connection with the provision of pharmaceutical goods or services infringing on SAV-RX®;

B.      That Plaintiffs recover all money damages, including enhanced damages and any profits gained by CanaRx through use of SAV-RX®, or from inducing or furthering others in their infringement of SAV-RX®; and

C.      For recovery of their costs of this action and such attorneys' fees as are allowed by law.

## REQUEST FOR PLACE OF TRIAL

Pursuant to NECivR 40.1(b)(1), Plaintiffs request trial of this action at Omaha.

01-650795.2

6

Dated this 27th day of January, 2005.

                JAMES R. BARTA, A&A DRUG, INC.,
                SAV-RX, LLC, Plaintiffs


                By: /s/ Bartholomew L. McLeay
                    Bartholomew L. McLeay #17746
                    Richard P. Jeffries #20089
                    Kutak Rock LLP
                    The Omaha Building
                    1650 Farnam Street
                    Omaha, NE  68102-2186
                    (402) 346-6000