# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES R. BARTA, A&A DRUG, INC. and SAV-RX, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | 8:05CV35 |
| vs. | ) ) | ORDER |
| CANARX SERVICES, INC., | ) ) | |
| Defendant. | ) | |

This matter is before the court on the motion of CanaRx Services, Inc. for leave to file a third-party complaint (#18). Having considered plaintiffs' response in opposition (#20) and defendant's reply brief (#21), I find that the motion should be granted.

The complaint alleges that the plaintiffs use the registered trademark SAV-RX® to designate the origin of pharmaceutical goods and services. The defendant, CanaRx, has been using the mark "I-SaveRx" as a designation of origin for certain pharmaceutical goods and services. Plaintiffs seek relief pursuant to the Lanham Act, *see* 15 U.S.C. § 1125(a), contending that "I-SaveRx" is sufficiently similar to "SAV-RX®" so as to create a likelihood of confusion among consumers.

CanaRx, a Canadian based pharmacy benefits management provider, explains in its motion that it entered into a contract in 2004 with the State of Illinois to manage the State's pharmacy benefit management services to program participants, i.e., persons who participate in the State's "I-SaveRx" Program. The alleged infringing trademark, I-SaveRx, is owned by the proposed third-party defendants (the State of Illinois and Rod R. Blagojevich).

CanaRx advises that the proposed third-party defendants were given notice of the pending litigation and have failed and refused to seek intervention.

CanaRx now wishes to implead the State of Illinois and Blagojevich on grounds that they are liable to CanaRx, based on theories of breach of contract and breach of express warranty, for all or part of plaintiffs' Lanham Act claims. In this regard, the proposed third-party complaint alleges:

> 17.  That Third-Party Defendants are liable to Defendant for all or part of Plaintiffs' claim against Defendant on each of the following grounds:
>   a.  The I-SaveRX program and its corresponding website and mark, which Plaintiffs claim infringe upon their mark, is exclusively owned, operated and controlled by Third-Party Defendants;
>   b.  Third-Party Defendants have represented to Defendant their legitimate ownership and use of the I-SaveRX program and its corresponding website and mark;
>   c.  All solicitation, enrollment and business conducted with the use of the I-SaveRX mark is exclusively conducted by Third-Party Defendants; and
>   d.  Defendant's participation in the I-SaveRX program and its corresponding website is limited to the supply of pharmacy benefits management services to Third-Party Defendants and that no sales or solicitation is conducted by Defendants with or without use of the IsaveRX mark.
> 18.  That by reason of the foregoing, Third-Party Defendants are all or partly at fault for any and all injuries to Plaintiffs in the underlying action and such liability and damages should be allocated to Third-Party Defendants and their agents and principals, and/or Third-Party Plaintiff should be indemnified.

Plaintiffs object to the filing of a third-party complaint, asserting that the Lanham Act does not provide for a right of contribution among joint tortfeasors and does not provide any express indemnity rights.  In its reply brief, CanaRx emphasizes that it does not seek relief

pursuant to the Lanham Act and that Fed. R. Civ. P. 14(a) allows the filing of a third-party complaint under these circumstances.

Rule 14 provides:

(a) At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff....

The Eighth Circuit has characterized Rule 14(a) as allowing a defendant "to assert a claim against any person not a party to the main action only if that third person's liability on that claim is *in some way* dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Mattes v. ABC Plastics*, 323 F.3d 695, 698 (8th Cir. 2003) (emphasis added). "The governing law makes clear that Rule 14(a) should be liberally construed in favor of impleading a third-party ..., as its purpose is to avoid a circuity of actions and a multiplicity of suits ..., in order that all related claims may be disposed of in one action, ... and thereby simplify, and expedite, the litigation process." *United States v. J & D Enterprises of Duluth*, 955 F.Supp. 1153, 1156 (D. Minn. 1997) (citations omitted). There need not be a legal relationship between the plaintiff and the putative third-party defendants in order for the CanaRx to assert a proper impleader. The fact that plaintiffs did not sue the actual owners of the I-SaveRX mark is not relevant. *See id.* at 1158 n.8 (citing *Smithkline Beckman Corp. v. Pennex Products Co.*, 103 F.R.D. 539, 541

-3-

(E.D. Pa. 1984) ("It is not relevant to the defendant's right to bring in a third-party defendant, that the plaintiff * * * declines to assert a claim against him."), in turn, quoting 3 J. Moore, Moore's Federal Practice ¶ 14.10 at 14-62.).

In this instance, I conclude that the proposed third-party claims satisfy the requirements of Rule 14(a) in that the liability of the third-party defendants is in some way dependent upon the outcome of the main claim. The gist of the matter is that CanaRx would not have been involved with the use of the I-SaveRx mark but for its contract with the State of Illinois. While the law is less than clear as to whether a party may state a claim for contribution or indemnity under the Lanham Act,[1] the language of Rule 14 does not limit CanaRx to seeking relief under the Lanham Act.

---

[1] While the Lanham Act may not expressly provide for contribution or indemnity rights, trademark violations are generally treated like other common-law torts. In that respect, trademark law recognizes the concept of secondary liability. *See generally* Deborah F. Buckman, Annotation, *Liability as Vicarious or Contributory Infringer under Lanham Act–Modern Cases*, 152 A.L.R. FED. 573 at § 2[a].

For example, in *Smithkline Beckman Corp. v. Pennex Prod. Co., Inc.*, 103 F.R.D. 539 (E.D. Pa. 1984), the court allowed the defendant manufacturer to implead six of its customers, who were purchasers and distributors of the alleged infringing product, because they were joint tortfeasors. In *Transdermal Prod., Inc. v. Performance Contract Packaging, Inc.*, 943 F. Supp. 551, 552 (E.D. Pa. 1996), the court held that § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)) "does not limit liability to the direct infringer, that is, the person who actually mislabels the goods or product with the mark belonging to another," and noted that "[c]ontributory and direct infringers are joint tort-feasors." *Id*. at 554.

However, in *Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*, 69 F. Supp. 2d 678 (M.D. Pa. 1999), the court held that there is no right to contribution or indemnification under the Lanham Act.

**IT IS ORDERED** that defendant's motion for leave to file a third-party complaint (#18) is granted. Defendant shall file and serve the amended pleading on or before **November 1, 2005**.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. ***The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.*** *See* NECivR 72.2(d).

**DATED October 18, 2005.**

        **BY THE COURT:**

        **s/F.A. Gossett**
        **United States Magistrate Judge**