IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES R. BARTA, A&A DRUG, INC., and SAV-RX, LLC, | CASE NO. 8:05CV35 |
| Plaintiffs, | |
| vs. | MEMORANDUM AND ORDER |
| CANARX SERVICES, INC., | |
| Defendant. | |

This matter is before the Court on the Plaintiffs' appeal from the Order of Magistrate Judge F.A. Gossett, III, in which he granted Defendant CANARX Services, Inc.'s (hereafter "CANARX") motion for leave to file a third-party complaint against the State of Illinois and its governor, Rod R. Blagojevich (collectively "State of Illinois"). CANARX's proposed third party complaint seeks contribution and indemnification from the State based on the contract between them. The Plaintiffs, James R. Barta, A&A Drug, Inc, and SAV-RX, LLC have appealed the Order, arguing that the Lanham Act, codified at 15 U.S.C. § 1051 *et seq.*, does not permit third party actions based on contribution or indemnification rights. The matter has been stayed pending resolution of this appeal.

The Complaint alleges that Barta is the owner of the trademark "SAV-RX", and that A& A Drug, Inc., and SAV-RX LLC use the SAV-RX trademark under license from Barta.[1] Barta alleges that Defendant's use of the "I-SaveRx" trade name infringes upon the SAV-RX trade name in violation of the Act because it is so similar to the SAV-RX trade name that it has caused consumer confusion. The Defendant seeks to commence a third-party action against the State of Illinois because CANARX has used the "I-SaveRX" trade name pursuant

---

[1] The Plaintiffs will be referred to collectively as "Barta."

to and in reliance upon its contract with the State to provide affordable prescription drugs to people in Illinois and Wisconsin.

The contract between CANARX and the State of Illinois identifies CANARX as a "Canadian based Pharmacy Benefits Management provider" that has contracted with a network of prescription drug providers outside of the United States. The State of Illinois contracted with CANARX to be the exclusive provider of certain prescription drugs to participants in the State-owned "I-SaveRx" program. The program is a personal prescription drug importation program. The contract states that "the I-SaveRx.net domain name and the 'I-SaveRx' name and logo remain the property of the State." (Filing No. 19, Attachments to the proposed third-party complaint, Exhibit 2, Section IX, p. 10.) The contract also provides that "[t]he State acknowledges that all web designs, price engines, and computer programs used in connection with the 'I-SaveRx' Program are the intellectual property of CANARX  Services, Inc. " (*Id.* at Section IV, p. 6.)

### Magistrate Judge's Order

Judge Gossett's Order granted the Defendant leave to commence the third-party action against the State of Illinois to assert claims of contribution and indemnification. Judge Gossett determined that the impleader could be brought under Fed. R. Civ. P. 14(a), noting that the United States Court of the Appeals for the Eighth Circuit has recognized that such practice is permissible under Rule 14(a) if the third-party's liability "is *in some way* dependent upon the outcome of the main claim." Filing No. 22, Order at 3, emphasis in original, citing *Mattes v. ABC Plastics,* 323 F. 3d 695, 698 (8th Cir. 2003). In the Magistrate Judge's Order, he observed that the "I-SaveRX program and its corresponding website and

mark . . .[are] exclusively owned, operated and controlled by [the proposed] Third Party Defendants." (Filing No. 22, p. 2). He further concluded that while the law is not clearly established as to whether a party may state a claim for contribution under the Lanham Act, the language of Rule 14 does not restrict CANARX from asserting claims that do not arise under the Act. The Magistrate Judge granted the Defendant's motion for leave to file the third-party complaint. This appeal followed.

### Standard of Review

The issue presented, whether the defendant should have been granted leave to assert a third-party claim, is a non-dispositive matter. Accordingly, this Court must consider whether the Magistrate Judge's order granting leave to file the third-party complaint was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); NELR 72.3(d); and *Ebert v. Clarke,* 320 F.Supp.2d 902, 902-903 (D.Neb. 2004).[2] Because I conclude that the Order is contrary to law, the Order shall be reversed.

### Issues on Appeal

Barta contends that the Magistrate Judge erred as a matter of law because there is no right to contribution under the Lanham Act, and courts have properly refused to infer such a right, citing *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 69 F. Supp.2d 678 (M. D. Pa. 1999). Barta also argues that there is no indemnification provision in CANARX's contract with the State of Illinois, and, in any event, the State has not waived its sovereign immunity from suit in this matter. For these reasons, Barta argues that

---

[2] To the extent any issue requires de novo review, such review has been provided.

permitting a third-party action against these particular proposed third-party defendants would be futile.

With regard to Barta's argument that the State of Illinois has not waived sovereign immunity, CANARX contends that the State's receipt of federal benefits and the State's decision to participate in the marketplace with the I-SaveRX trade name constitute a waiver of sovereign immunity in this case. CANARX also argues that nothing in the Lanhan Act prohibits contribution actions, and that, in any event, the proposed third-party complaint also states claims based indemnification, breach of contract, and breach of express warranty. (Filing No. 28, p. 3.) Barta counters with the argument that even if the State does not have sovereign immunity as to CANARX's potential claims, CANARX is prohibited from bringing claims against the State by Rule 14(a), which does not allow a defendant to assert separate and independent claims in a third-party action, citing *Mattes v. ABC Plastics*, 323 F. 3d 695, 698 (8th Cir. 2004).

**Analysis**

Whether to permit a defendant to file a third-party claim rests in the trial court's discretion, and permission generally should be granted if to do so would promote judicial efficiency by eliminating circuitous and duplicative actions. See *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984); *Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 240 (S.D.N.Y. 2004). Thus, impleader generally should be allowed "unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Nova Products*, 220 F.R.D. at 240 quoting *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 459 (S.D.N.Y.1984). *See also*

*Zeus Projects Ltd. v. Perez y Cia. de Puerto Rico, Inc.*, 187 F.R.D. 23, 25 (D.P.R. 1999)(holding that district court may look to the merit of the third party claim). It the fostering of an obviously unmeritorious claim that is of concern in this matter.

My analysis begins with the issue of sovereign immunity. The proposed third party defendants are the State of Illinois and its governor, acting in his official capacity. If the State of Illinois has not waived its sovereign immunity from suit, then it may be futile to permit CANARX's third-party complaint to be filed. The contract between CANARX and the State is unambiguous as to its effect on the State's sovereign immunity. The contract expressly states, "The State of Illinois does not waive sovereign immunity by entering into this contract." (Filing No. 19, Ex. 2 at Section IX, No. 8.) The contract also states that if a claim should be brought against the State arising out of the contract, then the claim shall be brought in the Illinois Court of Claims. (*Id.*) The contract is silent on indemnification, and thus the State has no duty to indemnify CANARX under the contract. The Defendant argues that the State has waived its sovereign immunity by receiving federal benefits and by deciding to enter the marketplace using the I-SaveRX trade name.

The Eleventh Amendment to the United States Constitution provides states with immunity from actions by private citizens in federal court, whether such actions seek money damages or equitable relief. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984). A state may waive its sovereign immunity by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 239-40 (1985), citing

*Edelman v. Jordan*, 415 U.S. 651, 673 (1974). "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst,* 465 U.S. at 99 (emphasis original).

CANARX contends that the State of Illinois has waived its sovereign immunity to suits in this Court by accepting "federal benefits" and making the decision to "participate in the marketplace with the I-SaveRX tradename." I am not persuaded. While there is some indication of a limited waiver of immunity in the contract,[3] the contract language hinting at a waiver is not unequivocal and does not affect the State's sovereign immunity in this Court. The United States Supreme Court has stated:

> [O]ur cases requir[e] that a State's express waiver of sovereign immunity be unequivocal. *See, e.g., Great Northern Life Ins. Co. v. Read,* 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944). The whole point of requiring a "clear declaration" by the State of its waiver is to be certain that the State in fact consents to suit. But there is little reason to assume actual consent based upon the State's mere presence in a field subject to congressional regulation. There is a fundamental difference between a State's expressing unequivocally that it waives its immunity and Congress's expressing unequivocally its intention that if the State takes certain action it shall be deemed to have waived that immunity. In the latter situation, the most that can be said with certainty is that the State has been put on notice that Congress intends to subject it to suits brought by individuals. That is very far from concluding that the State made an "altogether voluntary" decision to waive its immunity. *Beers,* 20 How., at 529, 15 L.Ed. 991.

*College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680-81 (1999).

There is an exception to the State's immunity from suit, known as the *Ex parte Young* doctrine, that might allow claims asserted against a State official to proceed in the

---

[3] *See* discussion regarding claims that may be brought the Illinois Court of Claims.

6

narrow circumstance when only prospective declaratory and injunctive relief is sought.  As the United States Circuit Court of Appeals for the Eighth Circuit has recently stated:

> Under *Ex parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Eleventh Amendment bars damage relief against the States, but it does not prohibit "certain suits seeking declaratory and injunctive relief against state officers." *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). . . . [In a recent case, t]he Court unanimously reaffirmed its traditional articulation of the doctrine:  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n,* 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) (quotation and brackets omitted).

*Dakota, Minnesota & Eastern Railroad Corp. v. South Dakota*, 362 F.3d 512, 516-17 (8th Cir. 2004).

Because I find that the third-party complaint does not state a claim for relief based on an ongoing violation of a federal right, I conclude that the *Ex parte Young* doctrine has no application to this motion.  The Magistrate Judge indicated that he was not persuaded that a party could state a claim for contribution under the Lanham Act.  As the Magistrate Judge demonstrated in his Order at footnote 1, courts and commentators are divided on whether the Lanham Act permits a defendant to implead a party pursuant to Rule 14(a) under the Lanham Act.  I agree with the analysis set forth in *Santana Products*, and based on that analysis, I conclude that there is no right to bring a claim for contribution under the Lanham Act.  *See Santana Products*, 69 F. Supp.2d at 681-684 (discussion of contribution claim under the Lanham Act and holding). [4]

---

[4] Barta was free to commence this action against CANARX and the State under a theory of contributory infringement, but, perhaps for reasons considered in this Memorandum, chose not to pursue that strategy.  *See Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 853-

To the extent CANARX's other claims for relief against the State, including indemnification, breach of contract, and breach of warranty, are contained in the proposed third-party complaint, I conclude they are not allowed under Rule 14(a). For example, the contract between CANARX and the State of Illinois is silent as to the State's obligation to indemnify CANARX, and I find no other source upon which to base the alleged right of CANARX to indemnification from the State of Illinois. *See Santana Products,* 69 F.Supp.2d at 684 (acknowledging that "there is no federal common law right to indemnification and Congress has not explicitly or implicitly provided such a right to indemnification under the . . . the Lanham Act.")

While CANARX may be able to assert other claims against the State's officials, such as an claim for breach of express or implied warranty or breach of contract, I conclude that such claims exist, if at all, independently from the Lanham Act claim that Barta is asserting against CANARX and should not be permitted under Rule 14. *See also Mattes*, 323 F.3d at 698. CANARX may be able to assert those claims against the State in a separate action in the court designated by the parties in the contract, but those claims cannot be asserted against these proposed third-party defendants in this Court. *Pennhurst*, 465 U.S. at 99

The Eighth Circuit Court of Appeals has recognized that "futility constitutes a valid reason for denial of a motion to amend," *In re K-tel Intern., Inc. Securities Litigation*, 300 F.3d 881, 899 (8th Cir. 2002)(quoting *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir.1999)). While this case does not involve a motion to amend, but rather a motion for leave to

---

54 (1982) (holding that "if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any harm done as a result of the deceit.")

commence a third-party action, I find that the same analysis applies to the circumstances presented here.  I find there is nothing to be gained by CANARX through the filing of the proposed third party complaint.

## Conclusion

Because I find that the State has not waived its sovereign immunity and that there is no right to contribution under the Lanham Act, I conclude that allowing the Defendant to file the proposed third-party complaint would foster an unmeritorious claim.  For these reasons, I will reverse the Magistrate Judge's decision and deny the Defendant's motion for leave to file the third-party complaint.

IT IS ORDERED:

1) The Plaintiffs' Appeal from the Magistrate Judge's Order dated October 18, 2005, (Filing No. 23), is granted;

2) The Magistrate Judge's Order dated October 18, 2005 (Filing No. 22) is reversed;

3) The Defendant's Motion for Leave to File a Third-Party Complaint against the State of Illinois and its governor, Rod R. Blajevich, acting in his official capacity (Filing No. 18) is denied; and

4) The stay of this matter (Filing No. 26) is lifted.

DATED this 26th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge